UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:13-CR-00050-TBR-1

UNITED STATES OF AMERICA                                    Plaintiff

v.

TROY LAMONT GAINES                                      Defendant
(Defendant No. 1)

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Troy Lamont Gaines' Motion to Dismiss. (Docket No. 103.) The United States has responded in opposition. (Docket No. 106.) For the reasons that follow, Gaines' Motion to Dismiss will be DENIED.

BACKGROUND

On April 2, 2013, a federal grand jury indicted Gaines on eleven counts of robbing various commercial businesses in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and eleven counts of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (*See* Docket No. 6.) In his instant Motion, Gaines moves to dismiss Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, and 22 of the Indictment. Each of these counts charges Gaines with violating § 924(c)(1)(A)(i) & (ii) by using a firearm during the robberies charged in Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, and 21. Gaines argues that the sentencing provisions of § 924(c) are "unfairly harsh" and that any conviction of two or more counts would result in a sentence amounting to cruel and unusual punishment. (Docket No. 103, at 1.)

DISCUSSION

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment has been interpreted to contain a "narrow proportionality principle" that prohibits the imposition of a sentence that is "grossly" or "greatly" disproportionate to the severity of the crime. *See, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991); *Rummel v. Estelle*, 445 U.S. 263, 271 (1980); *Weems v. United States*, 217 U.S. 349, 371 (1910). But that interpretation does not require strict proportionality between crime and sentence; rather, "only an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003). "In general, Eighth Amendment jurisprudence grants 'substantial deference' to the legislatures who determine the types and limits of punishments." *United States v. Moore*, 643 F.3d 451, 456 (6th Cir. 2011) (quoting *Harmelin*, 501 U.S. at 999 (Kennedy, J., concurring)). Thus, "while '[s]evere, mandatory penalties may be cruel, . . . they are not usual in the constitutional sense, having been employed in various forms throughout our Nation's history." *Id.* (alterations in original) (quoting *Harmelin*, 501 U.S. at 994-95).

As an initial matter, Gaines' Motion would appear premature at this stage. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985))); *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995) ("Eight Amendment claims of 'cruel and unusual punishment' are not ripe when raised prior to

the actual, or immediately pending, imposition of the challenged form of punishment." (citations omitted)). Because Gaines he has yet to be tried for, convicted of, or pleaded guilty to the charged offenses, the issue whether any sentence under § 924(c) would violated the Eighth Amendment is not yet ripe for challenge.

Regardless, Gaines has not shown that the potential penalties would be grossly disproportionate to the severity of the charged offenses. There is abundant authority holding that the consecutive-sentencing provisions of § 924(c) do not amount to cruel and unusual punishment. *See, e.g.*, *Deal v. United States*, 508 U.S. 129, 132-33 (1993) (finding that § 924(c) required enhanced consecutive sentencing and upholding 105-year sentence for six armed robberies); *United States v. Clark*, 634 F.3d 874, 877-78 (6th Cir. 2011) (upholding 189-year sentence based on the mandatory minimum sentence required by § 924(c)); *United States v. Watkins*, 509 F.3d 277, 282-83 (6th Cir. 2007) (upholding 147-year sentence based on convictions under § 924(c)); *United States v. Martin*, 516 F. App'x 433, 453 (6th Cir. 2013) (holding that consecutive-sentencing provision of § 924(c) did not amount to cruel and unusual punishment); *United States v. McNeal*, 364 F. App'x 214, 217 (6th Cir. 2010) (finding that 290-year sentence formed from convictions under § 924(c) was not so "grossly excessive that it constitutes cruel and unusual punishment under the Eighth Amendment"); *United States v. Willis*, 232 F. App'x 527, 539 (6th Cir. 2007) (holding that 160-year sentence for seven armed robberies was not cruel and unusual). In fact, in *United States v. Clark*, the Sixth Circuit expressly noted: "[T]his Circuit has never held that the consecutive-sentencing requirement in section 924(c) is unconstitutional." 634 F.3d at 878

(referencing *Watkins*, 509 F.3d at 282). Accordingly, Gaines' argument is without merit, and his Motion must be denied.

## CONCLUSION

Therefore, having considered Gaines' Motion and the United States' Response, and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Gaines' Motion to Dismiss, (Docket No. 103), is DENIED.

IT IS SO ORDERED.


Date:


cc: Counsel for Defendant
 AUSA