UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:13-CR-050-TBR-DW

UNITED STATES OF AMERICA,                                                      PLAINTIFF

v.

TROY LAMONT GAINES, JR.,                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Troy Lamont Gaines, Jr.'s pro se Motion for Reconsideration. [R. 164.] The United States ("the Government') responded. [R. 166.] This matter is now ripe for adjudication. For the reasons stated herein, Defendant Gaines's pro se Motion for Reconsideration, [R. 164], is **DENIED**.

## BACKGROUND

On December 19, 2014, Gaines pleaded guilty, pursuant to Rule 11(c)(1)(B), to eleven counts of Aiding and Abetting: Obstructing, Delaying, and Affecting Commerce by Threats of Violence in violation of the Hobbs Act, 18 U.S.C. § 1951; one count of Aiding and Abetting: Using, Carrying, and Brandishing Firearms During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c); and one count of Aiding and Abetting: Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). [R. 137 at 1-2 (Judgment and Commitment Order).] On July 27, 2016, Gaines moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 152 (Gaines Motion to Vacate).] Gaines mainly relied on the case of *Johnson v. United States*, 135 S. Ct. 2551 (2015), for support. [*See generally id.*] On March 22, 2017, this Court adopted the findings of Magistrate Judge Whalin and denied Gaines's motion. [R. 162

1

(Judgment).] Now, Gaines moves the Court to reconsider its denial of his Motion to Vacate, Set Aside, or Correct His Sentence. [R. 164.]

**STANDARD**

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

"A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered." *Foreman v. United States*, 2012 U.S. Dist. LEXIS 187012 *3 (W.D. Mich. 2012) (citing *Equal Emp't Opportunity Comm'n v. Argent Indus., Inc.*, 746 F. Supp. 705, 706 (S.D. Ohio 1989)). "Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before." *Id*. (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

The Court recognizes that a "liberal standard of review" is required for pro se pleadings. *United States v. Hargis*, 891 F.2d 293 (6th Cir. 1989) (unpublished) (citing *Cohen v. United States,* 593 F.2d 766, 770 (6th Cir.1979)).

**DISCUSSION**

As an initial matter, the Court notes that, in his plea agreement, Gaines knowingly and voluntarily waived his right to collaterally attack his sentence under 28 U.S.C. § 2255 "unless based on claims of ineffective assistance of counsel or prosecutorial misconduct." [R. 111 at 6 (Gaines Plea Agreement); R. 142 at 37 (Sentencing Transcript).] Thus, Gaines relinquished the

right to collaterally attack his sentence through a § 2255 motion. *See Watson v. United States,* 165 F.3d 486, 489 (6th Cir. 1999) ("[W]e hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief.") *accord United States v. Centeno*, No. 3:02-CR-066-R, 2009 WL 260800, at *2 (W.D. Ky. Feb. 4, 2009) (holding that the defendant expressly waived the right to collaterally attack his sentence in his plea agreement). However, out of an abundance of caution, the Court will briefly address the arguments contained in Gaines's Motion for Reconsideration.

Gaines argues that the Court erred under the first and third factors of Rule 59(e) when it denied his Motion to Vacate, Set Aside, or Correct His Sentence. [R. 164 at 2 (Gaines Motion for Reconsideration.] Once again, he cites to *Johnson* to argue that the Supreme Court's finding that the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(ii), was unconstitutionally vague should apply to the "residual clause" of 18 U.S.C. § 924(c)(3). [R. 164 at 1-2.] As the Court previously adopted, "the Sixth Circuit rejected Gaines' very argument that the statutory language of the residual clause of § 924(c)(3)(B) is sufficiently similar to that of residual clause found in § 924(e)(2)(B)(ii) so as to be unconstitutionally vague based on the reasoning of *Johnson.*" [R. 160 at 5 (Magistrate Judge Recommendation) (citing *United States v. Taylor*, 814 F.3d 340, 375-78 (6th Cir. 2016) ("Because § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson,* and because much of *Johnson's* analysis does not apply to § 924(c)(3)(B), Taylor's argument in this regard is without merit.").] Thus, Gaines's argument fails now as it did before.

Gaines also argues that "[r]elief is now possible in light of the recent Supreme Court [d]ecision in Mathis v. U.S. (2006)."[1] [R. 164 at 5.] However, *Mathis* proves to be inapplicable to the situation at hand. In *Mathis*, the Supreme Court found a sentence enhancement under the ACCA

---

[1] The Court assumes Gaines is referring to *Mathis v. United States*, 136 S. Ct. 2243 (2016).

could not be imposed if a state statute's "factual means of committing a single element" of a crime corresponded with a generic offense, instead of the element itself. *See Mathis*, 136 S. Ct. at 2249-50. As the Court previously adopted, "Gaines was not charged under the ACCA but rather had his sentence enhanced from 97 to 481 months based on §§ 924(c)(1)(A) and (C)." [R. 160 at 4.] Thus, as *Mathis* does not affect § 924(c), it does not aid Gaines in his argument.

In summary, even under a liberal, pro se standard, the Court finds that Gaines fails to show a clear error of law or an intervening change in controlling law. Thus, Gaines's pro se Motion for Reconsideration, [R. 164], is DENIED.

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED**: Defendant Gaines's pro se Motion for Reconsideration, [R. 164], is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record

Troy Lamont Gaines, Jr., pro se
14659-033
Lee U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 305
Jonesville, VA 24263

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 21, 2018