**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:13-CR-00050-TBR**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

v.

**TROY LAMONT GAINES, JR.**                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Troy Lamont Gaines's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). [DN 176]. The United States responded. [DN 179]. Defendant replied. [DN 180]. Defendant then filed a Motion for Rule 60(B), a Supplemental Motion, and a Motion to Expediate. [DN 183; DN 184; DN 188; DN 189]. As such, this matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion Seeking Relief under 18 U.S.C. § 3582(c)(1)(A), [176], and Supplemental Motion, [DN 184], are **DENIED**, Defendant's Motion for Rule 60(B)—requesting a change in judgement denying recognition of name change, [DN 183],—is **GRANTED**, and Defendant's Motion to Expediate [DN 188; DN 189], is **DENIED as moot**.

**I.**      **Background**

On December 19, 2014, Gaines pleaded guilty, pursuant to Rule 11(c)(1)(B), to eleven counts of Aiding and Abetting: Obstructing, Delaying, and Affecting Commerce by Threats of Violence in violation of the Hobbs Act, 18 U.S.C. § 1951; one count of Aiding and Abetting: Using, Carrying, and Brandishing Firearms During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c); and one count of Aiding and Abetting: Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence in

1

violation of 18 U.S.C. § 924(c). [DN 137 at 1–2]. On July 27, 2016, Gaines moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [DN 152]. On March 22, 2017, the Court adopted the findings of the Magistrate Judge and denied Gaines's motion. [DN 162]. Gaines then moved the Court to reconsider its denial of his Motion to Vacate, Set Aside, or Correct His Sentence, which the Court denied. [DN 167]. Defendant has now filed the instant motions, seeking relief under 18 U.S.C. § 35382(c)(1)(A), [DN 176]; for Rule 60(B), [DN183], to Supplement his Compassionate Release Motion, [DN 184], and a Motion to Expediate. [DN 188; DN 189].

## II.     Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

> "The court may not modify a term of imprisonment once it has been imposed except that-
>
>> (1) In any case—
>>
>>> (A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*
>>>
>>>> (i)     extraordinary and compelling reasons warrant such a reduction ..."

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences."

2

*United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry"

and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III. Discussion

#### A. Appointment of Counsel

Defendant has requested that the Court appoint counsel. [DN 176]. However, as there is no general constitutional right to appointed counsel in post-conviction proceedings, Defendant's request will be denied. *United States v. Clark*, No. 3:09-CR-90-CRS, 2020 WL 3977652 at *4 (W.D. Ky. July 14, 2020). Moreover, "[n]o constitutional or statutory right to counsel exists for filing motions under 18 U.S.C. § 3582." *United States v. Clark*, No. 6:07-013-DCR, 2019 WL 7161209, at *2 (E.D. Ky. Feb. 14, 2019) (citing *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009) (collecting cases)). Instead, the decision to appoint counsel lies within the Court's discretion

but doing so is unnecessary where the issues raised in a § 3582 motion "are straightforward and resolvable upon review of the record." *Id.* Where an underlying motion for compassionate release will fail, appointing counsel would be futile. *See United States v. Ryerson*, No. 3:09-CR-66-TAV-CCS-1, 2020 WL 3259530, at *2 (E.D. Tenn. June 16, 2020).

The Court finds that appointment of counsel is not necessary for Defendant to pursue compassionate release in this case. Here, the issues raised in Defendant's motion are straightforward and resolvable upon a review of the record, and the nature of Defendant's motion demonstrates that he has the capacity to be a diligent, effective advocate. Accordingly, appointment of counsel is unnecessary, and Defendant's request is denied.

### B. Rule 60(b)

There are six grounds provided under Rule 60(b) for relief from a final order, including: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F.Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances.

*McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)). "The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion." *Moore v. Hayes*, 156 F.3d 1231 (6th Cir. 1998). One of the six specified circumstances must exist for the Court to even consider granting such relief. *Id.*

Gaines argues that this Court's denial of Defendant's Motion of Recognition of Name Change, [DN 171], was a violation of his First and Fourteenth Amendment rights. [DN 183]. Defendant attached a certified copy of a name-change order dated April 11, 2019, from the district court of Clay County, Kentucky, changing his name to "Abraham Armani Azariah-EL." [DN 168-1]. The Court denied the motion because it was filed after the final judgment and therefore moot. Though the present Order is also a final judgment, the Court, understanding the importance to Defendant, will recognize his name change. [DN 168].

This name change will apply only to official Court filings, not prison records, because "it is established in this circuit that [a prisoner] has no 'constitutional right to dictate how prison officials keep their prison records.'" *Spies v. Voinovich,* 173 F.3d 398, 406 (6th Cir.1999) (quoting *Imam Ali Abdullah Akbar v. Canney,* 634 F.2d 339, 340 (6th Cir.1980)). Further, the Sixth Circuit held that "name change usage relates to prison administration. Absent unusual allegations such matters are for state prison officials to resolve. Intervention by the federal courts should only be in the very unusual case." *Robinson v. Parker*, No. 5:12-CV-00045-TBR, 2013 WL 3992450, at *3 (W.D. Ky. Aug. 2, 2013) (citing *Imam Ali Abdullah Akbar*, 634 F.2d at 340).

### C. Compassionate Release

#### 1. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On December 30, 2019, Defendant sent a request for Compassionate Release or Reduction in Sentence to the Warden of his facility. [DN 176-2]. The Warden responded denying Defendant's request on February 5, 2020. *Id.* Accordingly, the Court finds that Defendant has properly exhausted his administrative remedies under the First Step Act.

#### 2. Extraordinary and Compelling Reasons

In support of his request for compassionate release, Defendant predominately argues that the change in law regarding the 18 U.S.C. § 924(c) "stacking" provision resulting in a sentence disparity is an extraordinary and compelling reason for release. [DN 176]. Upon review, the Court finds that Defendant has failed to establish extraordinary and compelling reasons that warrant his release under 18 U.S.C. § 3582(c)(1)(A). Regardless, considering the totality of Defendant's circumstances, the Court finds that compassionate release would not be appropriate under 18 U.S.C. § 3553(a).

In 2018, Congress amended § 924(c) clarifying that repeat offenders are those with prior *final* convictions under the same subsection, not those with a "second or subsequent conviction." Pub. L. No. 115-391, 132 Stat. 5194. In effect, this means that the "stacking" of sentences for offenders without a final conviction would be reduced from twenty-five (25) years to as low as five (5) years for each count. 18 U.S.C. § 924(c). Defendant argues that these reduced penalties create a disparity between his sentencing and what he would be sentenced if convicted today resulting in an extraordinary and compelling justification for compassionate release. [DN 176].

Defendant provides two main citations in support of this argument, *McCoy* and *Urkevich*. *McCoy v. United States*, No. 2:03-CR-197, 2020 WL 2738225 (E.D. Va. May 26, 2020), *aff'd*, 981 F.3d 271 (4th Cir. 2020); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019). The Defendant correctly noted the similar facts provided in both cases and the reduced sentences that were granted. Regardless, Gaines's argument, that "these cases 'McCoy' and 'Urkevich' are on-point and more controlling than any of the cases cited by the Government" simply because they deal with a similar fact pattern, is incorrect. The two cases provided are neither binding, nor controlling. Both cases fall into different circuits, while this Court, located in the Western District of Kentucky, need only rely on the binding case precedent provided by the Sixth Circuit.

In a series of recent cases, the Sixth Circuit has grappled with the idea of using sentencing disparities created by statutory changes as an "extraordinary and compelling" reason for a sentence reduction under § 3582(c)(1)(A). See *United States v. Tomes*, 990 F.3d 500 (6th Cir. 2021); *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021); *United States v. Wills*, 991 F.3d 720 (6th Cir. 2021); *United States v. Owens*, 996 F.3d 755 (6th Cir. 2021); *United States v. Hunter*, No. 21-1275, 2021 WL 3855665 (6th Cir. Aug. 30, 2021). In the most recent decision by the Sixth Circuit on the

matter, the Court held that "non-retroactive statutory reforms in the First Step Act of 2018—as a matter of law—cannot be used to find "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A)(i)." *Hunter*, No. 21-1275, 2021 WL 3855665, at *5 (citing *Jarvis*, 999 F.3d at 445-46; *Wills*, 991 F.3d at 723-24; *Tomes*, 990 F.3d at 505).

Section 403 of the First Step Act prohibits retroactivity by limiting applicability to sentences that had not yet been imposed at the time of enactment. Pub. L. No. 115-391, 132 Stat. 5194. As is the "ordinary practice" in federal sentencing "to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *Wills*, 991 F.3d at 723-24 (quoting *Dorsey v. United States*, 567 U.S. 260, 280, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012)). The Sixth Circuit determined that what is considered an "ordinary practice" by the Supreme Court "cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *Hunter*, No. 21-1275, 2021 WL 3855665, at *5 (citing *Wills*, 991 F.3d at 724). "Since sentencing disparities are a natural result of the First Step Act, they are not an extraordinary and compelling reason for a sentence reduction." *Owens*, 996 F.3d at 765 (Thapar, J., dissenting). This means that courts cannot "treat the First Step Act's non-retroactive amendments, whether by themselves or together with other factors, as 'extraordinary and compelling' explanations for a sentencing reduction." *Jarvis*, 999 F.3d at 445. As the Sixth Circuit has made clear, § 3582(c)(1)(A) is not "an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Tomes*, 990 F.3d at 505. Because Gaines was sentenced prior to the change in § 924(c), and non-retroactive statute changes cannot be considered an "extraordinary and compelling" reason, Defendant's sentencing disparity does not weigh in favor of a reduced sentence.

Defendant also mentioned his post-conviction rehabilitation in support of his release. [DN 176]. However, "rehabilitation is specifically excluded as an independent basis for compassionate release." *United States v. Wieber*, 2020 WL 1492907 *3 (W.D. Ky. March 27, 2020). The Court applauds the actions Gaines has taken, but because he was unable to show an extraordinary and compelling reason for release, this motion must be denied.

### 3. 18 U.S.C. § 3553(a) Factors

Considering the totality of Defendant's circumstances, Defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Nonetheless, even though the Court has found Defendant is not entitled to compassionate release, the Court will weigh the sentencing factors in § 3553(a). *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];

(5) any pertinent policy statement ... by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. In the present case, the "nature and circumstances" of Defendant's crimes weigh heavily against relief. Defendant pled guilty to eleven counts in violation of the Hobbs Act, 18 U.S.C. § 1951; one count of Aiding and Abetting: Using, Carrying, and Brandishing Firearms During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c); and one count of Aiding and Abetting: Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). [DN 137 at 1–2]. He was sentenced to a term of imprisonment of 481 months. [DN 137]. Though the sentencing guidelines have since been modified, this change does not apply retroactively, and Defendant has failed to provide an extraordinary or compelling reason to adjust his original sentence. The Court finds that releasing Defendant after serving only eighty-one months (81) or his 481-month sentence would minimize the seriousness of his crimes, fail to afford adequate deterrence to criminal conduct, and would be unjust in light of the serious nature of his crimes. Accordingly, the Court finds that the nature and circumstances of the present offense and Defendant's history and characteristics do not support relief. Therefore, the Court must deny Defendant's motion.

## IV.    Conclusion

For the reasons state, **IT IS HEREBY ORDRED** that Defendant's Motion Seeking Relief under 18 U.S.C. § 3582(c)(1)(A), [DN 176], and his subsequent Supplemental Motion, [DN 184], are **DENIED**.

Defendant's Motion to Expediate [DN 188; DN 189], are **DENIED as moot**.

Defendant's Motion for Rule 60(b)—to change the judgment denying his Motion of Recognition of Name Change, [DN 183],—is **GRANTED**. The Clerk of Court is hereby **DIRECTED** to change Defendant's name in the caption of this case to "Abraham Armani Azariah-EL formerly known as Troy Lamont Gaines."

**IT IS SO ORDERED**.

*Thomas B. Russell* (signature)

Thomas B. Russell, Senior Judge
United States District Court

September 28, 2021

cc: counsel

**Troy Lamont Gaines, Jr.**, *pro se*
14659-033
MANCHESTER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 4000
MANCHESTER, KY 40962